IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANAHI M. DIAZ, et al. :

v. : Civil Action No. DKC 15-2203

CORPORATE CLEANING SOLUTIONS, LLC, et al. :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this unpaid wage case are the following motions: (1) a motion to dismiss or, in the alternative, for summary judgment filed by Defendant Corporate Cleaning Solutions, LLC ("Corporate Cleaning") (ECF No. 7); and (2) a motion to dismiss or, in the alternative, for summary judgment filed by Defendants Javier and Karren Torres (ECF No. 8). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendants' motions will be denied.

## I. Background

### A. Factual Background

Unless otherwise noted, the facts outlined here are set forth in the complaint and construed in the light most favorable to Plaintiffs Anahi M. Diaz and Gerson Serrano ("Plaintiffs"). Plaintiffs worked as janitors for Corporate Cleaning. Ms. Diaz asserts she worked for Corporate Cleaning from approximately 2006 until May 2015. (ECF No. 1 ¶ 15). Mr. Serrano worked for

Corporate Cleaning from approximately May 2011 until November 2013. (*Id.* ¶ 22). Defendants Javier and Karren Torres own and operate Corporate Cleaning. (*Id.* ¶¶ 33, 38). According to Plaintiffs, Mr. and Mrs. Torres "exercised both actual and apparent authority to hire and fire Plaintiffs, direct and supervise Plaintiffs' work, and bind and set wage and hour policies applicable to Plaintiffs." (*Id.* ¶¶ 34, 39).

Plaintiffs assert that Defendants withheld money from Plaintiffs' paychecks to pay for uniforms despite not obtaining consent or express written authorization to do so. (*Id.* ¶ 50). Plaintiffs also contend that "Defendants knowingly required Plaintiffs to travel to multiple worksites in one work day without compensating Plaintiffs for travel time." (*Id.* ¶ 51). In addition, Defendants failed to reimburse Plaintiffs for money spent from their personal funds for cleaning supplies used on the job. Finally, Plaintiffs allege that Defendants willfully failed to pay Plaintiffs for hours worked in excess of forty hours a week.

**B. Procedural History**

On July 28, 2015, Plaintiffs commenced this action by filing the complaint. (ECF No. 1). The complaint alleges violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.* (Count I); the Maryland Wage and Hour Law (the "MWHL"), Md. Code Ann., Lab. & Empl. § 3-401 *et seq.* (Count

II); and the Maryland Wage Payment and Collection Law (the "MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501 *et seq.* (Counts III and IV). On August 31, Corporate Cleaning filed the pending motion to dismiss or, in the alternative, for summary judgment as to Counts III and IV. (ECF No. 7). Plaintiffs responded (ECF No. 11), and Corporate Cleaning replied (ECF No. 15). On August 31, Mr. and Mrs. Torres filed the pending motion to dismiss or, in the alternative for summary judgment, as to all counts (ECF No. 8), and that motion is fully briefed (ECF Nos. 12; 16).

**II. Standard of Review**

Defendants move to dismiss or, in the alternative, for summary judgment. Where, on such a motion, "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). Defendants request that the court consider affidavits, copies of Corporate Cleaning's policy regarding uniforms (the "Uniform Policy"), and Corporate Cleaning's employee handbook. Plaintiffs object to consideration of the evidence because no discovery has taken place, and factual disputes exist that could be clarified with discovery. In support of their objection, Plaintiffs have filed the requisite affidavit under Rule 56(d) specifying why discovery is warranted. (ECF No. 11-3).

"Ordinarily, summary judgment is inappropriate if 'the parties have not had an opportunity for reasonable discovery.'" *Nautilus Ins. Co. v. REMAC Am., Inc.*, 956 F.Supp.2d 674, 683 (D.Md. 2013) (quoting *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2011)). Rule 56(d) allows the court to deny a motion for summary judgment or delay ruling on the motion until discovery has occurred if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(d). In light of the fact that no discovery has taken place and Plaintiffs have argued persuasively and specifically that discovery would be beneficial, the court will treat Defendants' motions as motions to dismiss under Rule 12(b)(6) and will not consider the attached evidence.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). That showing must

consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n] that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**III. Analysis**

**A. Mr. and Mrs. Torres as Proper Defendants**

Mr. and Mrs. Torres argue that Plaintiffs' claims against them must be dismissed because Plaintiffs have not pleaded facts showing that Mr. and Mrs. Torres, as individuals, were Plaintiffs' "employer" for purposes of the FLSA, MWHL, and MWPCL. (ECF No. 8, at 5-8). Plaintiffs counter that they have alleged sufficient facts plausibly showing that Mr. and Mrs. Torres are Plaintiffs' employers to survive a motion to dismiss. (ECF No. 12, at 6-9).

The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Given that the MWHL is "the State parallel" to the FLSA, it is appropriate to assess an individual's liability as an "employer" under the MWHL in the same way as under the FLSA. *See Friolo v. Frankel*, 373 Md. 501, 513 (2003). To determine whether an individual is an "employer" under the FLSA's definition, courts apply the "economic realities" test to assess the relationship between the employee and the putative employer. *See, e.g.*, *Jones v. Hoffberger Moving Servs. LLC*, 92 F.Supp.3d 405, 415 (D.Md. 2015).

> "A consistent factor in cases from other circuits has been operational control over the individuals claiming to have been employees. The Second Circuit has noted the relevant factors to consider include 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.' *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). That court also observed that none of the four factors is dispositive and that a court should consider the totality of the circumstances. *Id.* However, the *Herman* opinion further noted that it is not necessary to employer status to monitor employees continuously. Instead, '[c]ontrol may be restricted, or exercised only occasionally.' *Id.*"

*Jones*, 92 F.Supp.3d at 415-16 (quoting *Speert v. Proficio Mortg. Ventures, LLC*, No. JKB-10-718, 2011 WL 2417133, at *3 (D.Md. June 11, 2011)).

Mr. and Mrs. Torres argue that the MWPCL's definition of an employer is even more restrictive than the FLSA's definition. (ECF No. 8, at 8). Although the MWPCL does not extend to supervisors or others acting on behalf of an employer, *Watkins v. Brown*, 173 F.Supp.2d 409, 416 (D.Md. 2011), it may extend to individuals under a test similar to the FLSA's economic realities test. The Court of Special Appeals of Maryland has noted that "the economic reality test governs the definition of 'employer'" in the MWPCL. *Campusano, et al. v. Lusitano Construction, LLC, et al.*, 208 Md.App. 29, 38 (2012). In

*Campusano*, the Court of Special Appeals utilized the same four factors as are used under the FLSA and MWHL. *Id.* at 39-40. Accordingly, the economic realities test will be applied to Plaintiffs' claims against Mr. and Mrs. Torres.

Here, Mr. and Mrs. Torres' argument that ownership is not enough to establish individual liability is inapposite because the complaint contains factual allegations beyond mere ownership. Plaintiffs allege that *all* Defendants, including Mr. and Mrs. Torres individually, took the following actions: supervised Plaintiffs and controlled the terms and conditions of their employment; assigned Plaintiffs tasks and directed the means of carrying out those tasks; monitored and evaluated Plaintiffs' job performance; and issued paychecks to Plaintiffs. (ECF No. 1 ¶¶ 44-48). Viewing the facts pleaded in the complaint as true and in the light most favorable to Plaintiffs, the complaint plausibly alleges that Mr. and Mrs. Torres exercised sufficient control over their employment to satisfy the economic realities test and be considered "employers" for purposes of the FLSA, MWHL, and MWPCL. Cases cited by Mr. and Mrs. Torres are unpersuasive. In fact, several of the cases they cite held that the plaintiffs, who pleaded similar facts as Plaintiffs here, met the pleading standard and could survive a motion to dismiss. *See, e.g.*, *Reynolds v. Solo & AD, Inc.*, No. CBD-15-2021, 2015 WL 5882053, at *4 (D.Md. Oct. 2, 2015);

*Caseres v. S&R Mgmt. Co., LLC*, No. 12-cv-1358-AW, 2012 WL 5250561, *5 (D.Md Oct. 24, 2012).[1] Accordingly, Plaintiffs' claims against Mr. and Mrs. Torres will not be dismissed for failure to plead facts plausibly showing individual liability.

**B. Failure to State an MWPCL Claim**

**1. MWPCL Claims for Overtime and Minimum Wage (Count III)**

Plaintiffs assert that Defendants failed to pay Plaintiffs minimum wage and overtime, including for time spent traveling between worksites, in violation of the MWPCL. (ECF No. 1 ¶¶ 77-79). Defendants contend that Plaintiffs' MWPCL claims in Count III must be dismissed because Plaintiffs "fail to dispute the timing of unpaid overtime wages" and may not recover for travel time. (ECF No. 7-1, at 5-6).[2]

As Defendants appear to concede (ECF No. 15, at 1-2), the MWPCL allows recovery of unpaid wages. *See, e.g.*, *Peters v.*

---

[1] Mr. and Mrs. Torres are correct that the court in *Caseres* granted summary judgment in favor of the defendants. *Caseres*, 2012 WL 5250561, at *6. Here, however, Defendants' motions are analyzed as motions to dismiss. Moreover, the plaintiffs in *Caseres* did not dispute the defendant's limited role in the company, they merely speculated that the defendant "*could have* played a greater role in the day-to-day operations of the company" by exercising greater control. *Id.* Here the parties dispute Mr. and Mrs. Torres's roles at Corporate Cleaning — Plaintiffs allege that Mr. and Mrs. Torres *actually exercised* authority over Plaintiffs. (ECF No. 1 ¶¶ 34, 39).

[2] Mr. and Mrs. Torres make identical arguments regarding Plaintiffs' MWPCL Claims in their motion to dismiss. (ECF No. 8-1, at 8-10). For ease of reference, all citations in this section will be made to Corporate Cleaning's motion.

*Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (2014) (holding that "both the [M]WHL and the [M]WPCL are vehicles for recovering overtime wages"); *Marshall v. Safeway*, 437 Md. 542, 561-62 (2014) (holding that the MWPCL generally provides an employee a cause of action against an employer, not just for the failure to pay wages on time, but also for the "refusal of employers to pay wages lawfully due"). Thus, a timeliness argument is not required to state a claim for unpaid wages under the MWPCL. *See Marshall*, 437 Md. at 561-62. Furthermore, Defendants' arguments singling out the compensability of Plaintiffs' travel time are premature. Plaintiffs allege that they were not compensated at the minimum wage and for overtime they worked, which included, in part, time spent traveling between worksites. It does not appear that Plaintiffs are asserting any independent claim based on Defendants' failure to compensate Plaintiffs for travel time. Plaintiffs' allegations regarding unpaid travel time are merely part of the factual basis supporting their minimum wage and overtime claims in Counts I and II as well as III. To recover any unpaid wages owed, Plaintiffs ultimately will be required to show that such time was compensable. At this stage, however, the complaint contains sufficient facts to state an MWPCL claim for unpaid minimum wage and overtime. Accordingly, Defendants' motions to

dismiss will be denied as to Plaintiffs' MWPCL claims in Count III.

**2. MWPCL Claims for Uniform Withholding (Count IV)**

The MWPCL provides, in relevant part, that "[a]n employer may not make a deduction from the wage of an employee unless the deduction is: (1) ordered by a court of competent jurisdiction; (2) *authorized expressly in writing by the employee*; (3) allowed by the Commissioner [of Labor and Industry]; or (4) otherwise made in accordance with any law or any rule or regulation issued by a governmental unit." Md. Code Ann., Lab. & Empl. § 3-503 (emphasis added).

Plaintiffs allege that "Defendants deducted monies for work uniforms from Plaintiffs' paychecks" and that, "[b]ased on Plaintiffs' information and belief, Defendants did not obtain consent or express written authorization from Plaintiffs for the deductions." (ECF No. 1 ¶¶ 50-51). Defendants argue that any money withheld from Plaintiffs' paychecks for uniforms was done with Plaintiffs' express written authorization. (ECF No. 7-1, at 6). Viewing the factual allegations in the complaint as true, Plaintiffs have pleaded sufficient facts to survive a motion to dismiss. The complaint alleges that Defendants deducted money from Plaintiffs' paychecks without their express authorization, which equated to an unlawful withholding of wages

under the MWPCL.[3] Accordingly, Defendants' motions to dismiss will be denied as to Plaintiffs' MWPCL claims in Count IV.

## IV. Conclusion

For the foregoing reasons, Defendants' motions to dismiss will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

[3] Even if the court were to consider the Uniform Policies as evidence and analyze Defendants' motions as motions for summary judgment, a dispute of material fact exists, and summary judgment would not be appropriate. There is a handwritten note, purportedly from Ms. Diaz, on one of the Uniform Policies, which states, in Spanish, "do not charge me for the pants because I bought them, you only gave me [three] shirts." (ECF No. 7-4, at 2). Moreover, the Uniform Policies from other years indicate that Defendants provided Plaintiffs some portion of the uniform, but not necessarily the entire uniform each year.